NEW JERSEY CASH CREDIT CORPORATION, PLAINTIFF-PROSECUTOR, v. FILADELFIO ZACCARIA ET AL., DE-FENDANTS-RESPONDENTS.

Submitted October 1, 1940—Decided April 21, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Schoenholz & Schoenholz.*

For the defendants, *Ira J. Katchen.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* was allowed to review the action of the judge of the First Judicial District Court of the County of Monmouth in vacating a judgment of that court entered on March 31st, 1939. The judgment was vacated on June 1st, 1939, on application of Filadelfio Zaccaria, a defendant. Thereafter the cause proceeded to trial and judgment was entered for defendants. We are presently concerned only with the action of the court in vacating the judgment.

Suit was commenced on November 18th, 1938, upon a promissory note dated July 8th, 1929, the state of demand claiming the sum of $245.13 and interest from January 19th, 1932. After continuances, the matter came on before the court on March 29th, 1939, and a "no appearance" was entered against the defendants. Following this a judgment by default was entered, on affidavit, in the sum of $250. After the issuance of execution, defendant Filadelfio Zaccaria obtained a rule to show cause why the judgment should not be opened and on June 1st, 1939, more than thirty days after the entry of judgment, the trial court set it aside on the ground that the affidavit was defective in that it did not comply with the statute.

Plaintiff-prosecutor attempts to show by depositions that the judgment was in reality a compromise settlement entered upon the consent of the defendants, and made a similar attempt before the District Court judge on the return of the rule to show cause.

Prosecutor writes down several reasons for setting aside the action of the lower court, but they fall generally into two propositions, first, that the District Court had no power to open a judgment more than thirty days after its entry, except upon the ground of newly discovered evidence which was not the ground here; and second, that the judgment was entered upon the consent and stipulation of the defendants and they are not now in position to question it.

As to the second question, it is sufficient to say that the docket indicates a "no appearance" followed by a judgment by default, and there is nothing in the record of the court below to justify treating the judgment as other than an ordinary one by default. A formal judgment might have been entered upon proofs or stipulations in open court, but this was not done. We are constrained to deal with the record as we find it and to inquire to see if the formalities required by the statute were complied with.

Prosecutor contends that the court below was without power to open the judgment because of *R. S.* 2:32-121 which provides "An application for a new trial, except for newly discovered evidence, shall be made within thirty days after judgment." However, this is not a case of awarding a new trial after the entry of a proper judgment. The challenge here was directed to the validity of the judgment and a void judgment may be vacated at any time on motion of the party against whom it is entered. *Collyer* v. *McDonald,* 123 *N. J. L.* 547; *Gloucester City Trust Co.* v. *Goodfellow,* 121 *Id.* 546; *Westfield Trust Co.* v. *Court of Common Pleas,* 115 *Id.* 86; *Gimbel Bros.* v. *Corcoran,* 15 *N. J. Mis. R.* 538.

Prosecutor makes no serious attempt to argue that the affidavit upon which the default judgment was entered was sufficient. We think it was not in compliance with *R. S* 2:32-118 and 119 in that it did not contain a copy of the instrument sued on, did not aver such facts as would warrant

a recovery if such facts were proved by witnesses, and it did not appear that the affiant had competent knowledge of the facts sworn to.

We therefore conclude that the court below was correct in holding the affidavit insufficient, that the court had power to set aside a void judgment more than thirty days after its entry, and that the record is such that the judgment cannot be sustained in the absence of compliance with the statutes cited.

This leads to the dismissal of the writ.